No. 6650.—GARZOT Y FERNÁNDEZ, apldas., v. GARZOT Y FUERTES, apldos. y THE NATIONAL CITY BANK OF NEW YORK, aplte.—C. D. Humacao.　　　　　　　Julio 7, 1934.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, la corte de distrito sostuvo una excepción previa por falta de hechos suficientes para determinar una causa de acción, interpuesta a una demanda en intervención y en su consecuencia dictó sentencia declarando sin lugar dicha demanda.

POR CUANTO, los demandados apelantes han solicitado la desestimación de la presente apelación por los motivos y fundamentos siguientes:

"I. Porque según consta y aparece del documento que como récord en apelación en este caso se ha radicado en este Tribunal por el apelante, el mismo no ha sido certificado por abogado alguno de la demandada y apelada United Porto Rican Sugar Co., (of P. R.)

"II. Porque asumiendo que tal documento sea y constituya el récord en apelación en este caso, aparece del mismo que el aviso de apelación no se notificó a dicha demandada y apelada;

"III. Porque aun cuando tal documento sea y constituya el tal récord, en este Tribunal, aparece del mismo claramente que esta apelación es frívola y carece de todo mérito por los siguientes motivos:

"(1) Porque descansando el apelante sus alegados derechos de gravamen refaccionario, en un simple endoso que alega que le fué hecho de ciertos pagarés que representa también un préstamo refaccionario, que se impuso mediante escritura pública, tal endoso, por ministerio de la ley, no le transmitió al apelante el tal gravamen ni derecho alguno al mismo, en perjuicio de estos apelados, dueños de las fincas en que existían y habrían de existir, las cañas de azúcar que se alegan afectadas a tal gravamen y los cuales no intervinieron en el contrato en que se impuso este último;

"(2) Porque rescindido judicialmente, por sentencia firme, el arrendamiento de las fincas en que existían y habrían de existir tales cañas de azúcar, a virtud del cual se poseían dichas fincas por el deudor, quedó por ello y por ministerio de la ley extinguido el tal alegado gravamen, en cuanto afecta y se relaciona con estos apelados y a los mismos pueda perjudicar:

"(3) Porque el apelante fué hecho parte en esta acción indebida e ilegalmente por cuanto que se autorizó su intervención en este litigio, cuando ya mediaba sentencia final y firme en el mismo, rescindiendo dicho arrendamiento, ordenando la entrega de las fincas a los arrendadores y declarando ser de la propiedad de éstos las antes expresadas cañas de azúcar.''

Por cuanto, habiendo sido eliminada como parte en el presente litigio la United Porto Rican Sugar Co., (of P. R.) a instancias de los demandados en el pleito original, ahora promoventes en la moción sobre desestimación, con el consentimiento de la interventora, ahora apelante y con la anuencia y conformidad de la misma United Porto Rican Sugar Co., (of P. R.), no era necesario que la transcripción de autos fuese certificada por abogado alguno de dicha corporación.

Por cuanto, en tal virtud no era necesario tampoco que el escrito de apelación fuese notificado a dicha corporación.

Por cuanto, aparte de que no aparece de la faz de la demanda en intervención los hechos indicados en los incisos segundo y tercero del tercer fundamento de la moción, aparte de que la última de esas dos cuestiones no fué levantada en la corte de distrito ni fué apelada la resolución admitiendo la demanda en intervención y aparte de que la sentencia invocada por los promoventes fué una sentencia en rebeldía dictada contra Garzot & Fuertes, Inc., uno sólo de los varios demandados originales, y por discutible y dudosa que sea la cuestión principal planteada por la interventora apelante, no nos parece claramente frívola.

Por tanto, no ha lugar a la desestimación solicitada.